IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LVL CO., LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-3406 |
| | : | |
| v. | : | |
| | : | |
| ABRAHAM ATIYEH, individually, d/b/a the owner/president/manager of Valley Realty Holdings Limited, in both his official and individual/personal capacities; VALLEY REALTY HOLDINGS LIMITED; NIMITA KAPOOR ATIYEH, individually, d/b/a the owner/principal/manager of Flashpoint, Flashpoint1, and Flash Point Advertising LLC, in both her official and individual/personal capacities; PRIYA ATIYEH, individually, d/b/a the owner/principal/manager of Flashpoint, Flashpoint1, and Flash Point Advertising, LLC, in both her official and individual/personal capacities, and FLASHPOINT, FLASHPOINT1, FLASHPOINT ADVERTISING LLC, | : | |
| | : | |
| Defendants. | : | |

# **ORDER**

**AND NOW**, this 30th day of June, 2020, after considering the complaint filed by the plaintiff, LVL Co., LLC, ("LVL") (Doc. No. 1); LVL's motion for a preliminary injunction (Doc. No. 12); the response in opposition to the motion for preliminary injunction filed by defendants Abraham Atiyeh ("Mr. Atiyeh") and Valley Realty Holdings Limited ("Valley") (Doc. No. 19); the response in opposition to the motion for preliminary injunction filed by defendants Nimita Kapoor Atiyeh ("Mrs. Atiyeh"), Priya Atiyeh, Flashpoint, Flashpoint1, Flashpoint Advertising LLC (collectively, Mrs. Atiyeh, Priya Atiyeh, and the Flashpoint entities are hereinafter referred to as the "Flashpoint Defendants") (Doc. No. 20); the Flashpoint Defendants' supplemental

response in opposition to the motion for preliminary injunction (Doc. No. 37); LVL's hearing memorandum of law relevant to its motion for preliminary injunction (Doc. No. 38); the evidence and argument presented at the evidentiary hearing held on November 14, 2019, November 19, 2019, and November 21, 2019 (Doc. Nos. 40, 42, and 43); LVL's renewed motion for preliminary injunction and declaratory judgment (Doc. No. 56); LVL's proposed findings of fact and conclusions of law (Doc. No. 58); LVL's brief in support of its request for a declaratory judgment (Doc. No. 59); the Flashpoint Defendants' response in opposition to the renewed motion for preliminary injunction and declaratory judgment (Doc. No. 60); Mr. Atiyeh and Valley's response in opposition to the renewed motion for preliminary injunction and declaratory judgment (Doc. No. 61); the Flashpoint Defendants' memorandum of law in opposition to the renewed motion for preliminary injunction and declaratory judgment (Doc. No. 62); the Flashpoint Defendants' proposed findings of fact and conclusions of law (Doc. No. 63); LVL's response in support of the preliminary injunction and declaratory judgment and reply brief (Doc. No. 64); Mr. Atiyeh and Valley's memorandum of law in opposition to the renewed motion for preliminary injunction and declaratory judgment (Doc. No. 65); Mr. Atiyeh and Valley's proposed findings of fact and conclusions of law (Doc. No. 66); the oral argument on the proposed findings of fact and conclusions of law with respect to the renewed motion for preliminary injunction and declaratory judgment held via telephone on April 14, 2020 (Doc. No. 68); the Flashpoint Defendants' sur-reply memorandum of law in opposition to the renewed motion for preliminary injunction and declaratory judgment (Doc. Nos. 69, 71); the attached exhibits to the motion for leave to supplement the record for the renewed motion for preliminary injunction and declaratory judgment (Doc. Nos. 74-1, 74-2); the affidavit of Lois Arciszewski certifying and explaining Doc. No. 74-1 and Doc. No. 74-2 (Doc. No. 79); LVL's supplemental proposed findings of fact and conclusions

of law (Doc. No. 80); the affidavit of Mr. Atiyeh and Mr. Atiyeh and Valley's supplemental proposed findings of fact and conclusions of law (Doc. No. 82); the Flashpoint Defendants' supplemental proposed findings of fact and conclusions of law (Doc. No. 83); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The renewed motion for preliminary injunction and declaratory judgment (Doc. No. 56) is **GRANTED** with the defendants being enjoined as follows:

   a. The Flashpoint Defendants shall immediately cease and desist from engaging in selling advertisements to third parties on the billboards purchased from Mr. Atiyeh and Valley on June 1, 2019;

   b. The Flashpoint Defendants shall immediately cease and desist from seeking and/or receiving any set up, guidance, advice, assistance, employment, or services of any kind from Mr. Atiyeh and Valley, or from any entity owned or controlled by them, with respect to any outdoor advertising business or competition with, interference with, or disturbance of LVL in the conduct of LVL's outdoor advertising business, within the designated geographic area and for the prescribed time as set forth in Article VII of the Asset Purchase Agreement;

   c. Mr. Atiyeh and Valley, and all entities owned or controlled by either of them, are enjoined from assisting, setting up, joining, becoming employed by, being engaged in, and/or providing advice or services to the Flashpoint Defendants, directly or indirectly, with respect to any outdoor advertising business or competition with, interference with, or disturbance of LVL in the conduct of LVL's outdoor advertising business; and

        d.    Any of the defendants may use the existing billboards to continue to promote their own family businesses so as to not violate the Asset Purchase Agreement's restrictive covenants; and

    2.    LVL is directed to file a proof of bond, in the amount of $10,000 within **seven (7) days** of this order.[1] The bond shall serve as security for all claims with respect to this preliminary injunction, and any additional injunctive relief ordered by the court in this action.

**IT IS DECLARED AS FOLLOWS:**

    1.    The Asset Purchase Agreement is a valid and enforceable agreement between the parties;

    2.    Mr. Atiyeh and Valley are declared to be bound by and in breach of the restrictive covenants set forth in Article VII of the Asset Purchase Agreement;

    3.    The Flashpoint Defendants are declared to be bound by the restrictive covenants set forth in Article VII of the Asset Purchase Agreement by virtue of acting in concert with Mr. Atiyeh and Valley;

    4.    Mrs. Atiyeh is declared and adjudged to be a non-covenantor who benefitted from Mr. Atiyeh's contractual relationship with LVL and therefore is bound by the same restrictive covenants agreed to by Mr. Atiyeh;

---

[1] Under Rule 65(c) of the Federal Rules of Civil Procedure, "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The amount of the bond is "left to the discretion of the court." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988). Nonetheless, "[w]hile there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory[. Thus,] absent circumstances where there is no risk of monetary loss to the defendant, the failure of a district court to require a successful applicant to post bond constitutes reversible error." *Id.* (citation omitted). Here, according to the declaration of Priya Atiyeh (Doc. No. 83) the average revenue from the billboards per month totals $2,392, excluding payments made by the Manors of the Valley, a family owned business. The average of the major operating expenses associated with operating the billboards, exclusive of the design costs associated with the Manors of the Valley billboards and other miscellaneous and seasonal costs, is approximately $2,300 a month. The $10,000 bond amount, when considering the representations of the defendants as to their net profit, should be sufficient to protect their interests.

5. The purported transfer of Mr. Atiyeh's interest in Manor Signs LLC and/or the billboards at issue from Mr. Atiyeh to Mrs. Atiyeh, is hereby declared and adjudged not to have been a bona fide arms-length transaction;

6. It is declared and adjudged that the terms of the Assert Purchase Agreement which provide for a right of first refusal in favor of LVL did not relieve defendants of their obligation to comply with the non-compete provisions in Article VII of the Asset Purchase Agreement;

7. It is declared and adjudged that LVL's failure to exercise its right of first refusal to purchase the billboard assets does not excuse defendants' failure to comply with the non-compete provisions in Article VII of the Asset Purchase Agreement; and

8. The Flashpoint Defendants are declared and adjudged to be in breach of the restrictive covenants set forth in Article VII of the Asset Purchase Agreement.

**IT IS FURTHER ODERED AS FOLLOWS:**

1. The plaintiffs' request seeking a declaratory judgment relating to attorney fees is **DENIED WITHOUT PREJUDICE** to give all parties the opportunity to fully brief this issue;

2. LVL shall file a separate motion for attorney's fees and damages which includes appropriate documentation of fees and expenses to the court for consideration within **fourteen (14) days** of entry of this order; and

3. The defendants shall have **fourteen (14) days** from docketing of LVL's motion to file a response in opposition to the motion.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.